UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CLETUS D. FONGOH**
6735 New Hamphire Ave, Apt. 405E
Takoma Park, MD 20912

       **Plaintiff,**

       v.                              Civil Action No. 11-638 (RJL)

**WHOLISTIC SERVICES, INC.**
1221 Massachusetts Ave., NW # 1
Washington, DC 20005

       **Defendant.**

## FIRST AMENDED COMPLAINT

1. Plaintiff brings this complaint under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et. seq*; and under DC Code. Sec. 32-1303, *et. seq* as a pendent claim. Plaintiff seeks damages against his employer for failing to compensate him for numerous mandatory training sessions and for time worked, for threatening Plaintiff with termination if he were to demand compensation for that time worked, and for discharging Plaintiff after he demanded such compensation. Plaintiff also seeks damages against his employer for failing to compensate him for accumulated vacation after discharging him.

2. Jurisdiction of this court over the first two Cause of Actions is provided under 29 U.S.C. § 216(b). Jurisdiction of this court over the pendent claim is authorized by Fed. R. Civ. P. 18(a).

3. This Court has venue over this case since Plaintiff was employed in the District of Columbia at all times relevant and Defendant maintains its business in the District.

## PARTIES

4. Plaintiff is a resident of Takoma Park, Maryland.

5. Defendant is a corporation licensed in the District of Columbia and offers for profit services relating to the care of mentally handicapped individuals. Defendant is being sued in its corporate capacity.

## FACTS

6. Plaintiff is a 52 year old black male.

7. Defendant hired Plaintiff in October, 2009 as a Resident Counselor to monitor and assist mentally handicapped clients who reside in housing that Defendant owns at various places in the District of Columbia.

8. Plaintiff performed his duties well and passed his probationary period. He was never disciplined for any reason.

9. Defendant frequently required Plaintiff and more than one hundred other employees to attend in-service training sessions on company premises without compensation. Counselors were informed in writing that they must attend and that "Consequences will be serious" if they did not attend. Plaintiff attended several such training sessions and was not compensated for the vast majority of them.

10. On June 28, 2010, at approximately 8:30 in the morning, Plaintiff was assisting a client in changing his underwear because the client had soiled himself.  The client became angry and as Plaintiff raised his head from assisting him, the client head butted Plaintiff with severe force.  Plaintiff had to be taken by ambulance to Howard University Hospital to be attended to.  He was disabled for two days and missed six more days of work because of headaches and complications stemming from this incident.

11.  Because Plaintiff missed so many days of work after the head butt incident, Defendant reduced Plaintiff from a full time employee to a part time employee and terminated his health insurance coverage.  However, Defendant continued to deduct the cost of health insurance premiums from his pay checks.

12.  On Thursday, January 20, 2011, Plaintiff was informed by his house manager, Mr. Foday Camara, that the CEO of the company, Ms. Miatha Thomas, wanted to know if Plaintiff wanted to be paid for the time that he had worked that pay period or if he wanted his job.  (There were a couple of entries during the pay period that had to be manually corrected because the time clock was not working, but all the time recorded was accurately recorded.)  Plaintiff responded that he wanted to be paid for all time that he worked.

13.  When Plaintiff appeared and started working on Saturday, January 22, 2011, Mr. Camara immediately directed him to go home without explanation. Although Plaintiff was not given a termination letter, Plaintiff has not been scheduled for work since.

14.  Plaintiff was never paid for 48 hours of vacation pay that he had accumulated to the point of his constructive termination.

3

15. Plaintiff has suffered terribly since his constructive termination.  He has had difficulty finding full time employment, he is feeling stressed constantly because of worry over his finances, and he has been having difficulty paying his bills.  His search for work is further complicated because the employer will not even provide him the certificates for the courses he attended, most of which were completed without compensation.

## CLAIMS

I.  DEFENDANT VIOLATED THE FAIR LABOR STANDARDS ACT

16. Plaintiff incorporates herein paragraphs 1 through 15 above.

17. Defendant violated the Fair Labor Standards Act of 1938 (FLSA),  29 U.S.C. § 215(a)(2), by not compensating Plaintiff and other employees for attending numerous mandatory in-service training sessions.

18. Defendant also violated FLSA, 29 U.S.C. § 215(a)(3), by threatening Plaintiff that he would lose his job if he insisted on getting paid for all the time listed on his time card only days before his constructive termination.

19. Defendant violated FLSA, 29 U.S.C. § 215(a)(3), by constructively terminating Plaintiff's employment because he insisted upon his rights to get paid under the FLSA.

20. Defendant's violations of the FLSA were willful and reckless under 29 U.S.C. § 216(a).

4

## II. DEFENDANT VIOLATED DC Code. Sec. 32-1303

21. Paragraphs 1 through 20 are hereby incorporated by reference.

22. Defendant violated DC Code Sec. 32-1303 by not paying Plaintiff for his 48 hours of accumulated vacation after constructively terminating him on 1/22/11.

23. Plaintiff is entitled to liquidated damages under DC Code Sec. 32-1303(4).

## REQUEST FOR RELIEF

Plaintiff respectfully seeks the following relief to remedy the foregoing violations:

1. Plaintiff seeks reinstatement to a comparable full time position with full make whole relief;

2. Plaintiff seeks liquidated damages for the willful and reckless manner in which the Defendant violated the FLSA, and the DC compensation provisions.

3. Plaintiff seeks reasonable attorneys fees and costs for having to bring this action to secure his rights under the law.

4. Plaintiff seeks pre and post judgment interest on all amounts determined to be owed to him.

5. Plaintiff seeks any other relief as will carry out the remedial spirit of the statutes under which he seeks relief.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury with regard to all issues for which Plaintiff is entitled to a jury under law.

FOR THE PLAINTIFF,

_____

James L. Kestell  DC 955310

Kestell & Associates
209 Midvale Street
Falls Church, VA 22046
Tel:  703-237-2912
Fax: 703-237-4321